**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| RISE ECONOMY *et al.*,<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>MARK PAOLETTA,[1] *Acting Director of the Consumer Financial Protection Bureau, in his official capacity*; CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Defendants-Appellants. | No. 26-3134 |

**UNOPPOSED MOTION TO HOLD APPEAL IN ABEYANCE**

This appeal raises issues that overlap with those presented in *National Treasury Employees Union v. Vought*, No. 25-cv-0381 (D.D.C.), which is currently in abeyance on a limited remand from the *en banc* D.C. Circuit "to decide in the first instance whether to modify, suspend, or dissolve the preliminary injunction" the district court issued. Order,

[1] Mark Paoletta has replaced Russell Vought as Acting Director of the Consumer Financial Protection Bureau. Defendants respectfully request that the Court substitute Mr. Paoletta as the defendant for Mr. Vought and update the case caption accordingly. *See* Fed. R. App. P. 43(c)(2).

*NTEU v. Vought*, No. 25-5091 (D.C. Cir. June 19, 2026); Joint Status Report at 1–3, *NTEU v. Vought*, No. 25-5091 (D.C. Cir. July 20, 2026). The District Court for the District of Columbia interpreted its preliminary injunction to include the same relief the plaintiffs in this case ultimately received. *See NTEU v. Vought*, 816 F. Supp. 3d 1 (D.D.C. 2025). Pursuant to Federal Rule of Appellate Procedure 27, the government respectfully requests that proceedings in this matter be held in abeyance pending resolution of the *NTEU* proceedings. Plaintiffs do not oppose this motion.[2]

1. This case concerns the Consumer Financial Protection Bureau's (CFPB or Bureau) funding from the Federal Reserve System. To fund the Bureau, "[e]ach year . . . the Board of Governors shall transfer to the Bureau from the combined earnings of the Federal Reserve System, the amount determined by the Director to be reasonably necessary to carry out the" Bureau's work. 12 U.S.C. § 5497(a)(1). The statute does not define "combined earnings." On

[2] The government has concurrently filed a motion for an extension of time to file its opening brief until after this case comes out of abeyance or 30 days after the court disposes of the abeyance motion, whichever is later.

November 7, 2025, the Office of Legal Counsel (OLC) issued an opinion interpreting "combined earnings" in this statute. *Whether the Consumer Financial Protection Bureau May Continue to Draw Funds from the Federal Reserve System Under 12 U.S.C. § 5497 When the Federal Reserve System Is Operating at a Loss*, 49 Op. O.L.C. __ (Nov. 7, 2025) (OLC Op.).[3] OLC determined "that the 'combined earnings of the Federal Reserve System' refers to the Federal Reserve's profits, calculated by subtracting its interest expenses from its revenues." *Id.* at *1. Accordingly, OLC concluded that the Federal Reserve "cannot transfer money to the" Bureau when "the Federal Reserve has no profits." *Id.*

In every year from 2022 through the publication of the OLC opinion in 2025, "the Federal Reserve's costs . . . exceeded its revenue." OLC Op. at *1. Considering the Federal Reserve's financial condition and the OLC opinion, on November 20, 2025, Defendant Acting Director Russell Vought concluded "the Federal Reserve did not have the 'combined earnings' necessary to fund the CFPB under 12 U.S.C. § 5497" and instead sent a report to the President and Congress

[3] Available at https://www.justice.gov/olc/media/1417326/dl.

regarding the Bureau's funding needs and its available funding pursuant to § 5497(e)(1). Dkt. 42 at 5.[4]

On December 5, 2025, plaintiffs filed this action to compel Acting Director Vought to request funding from the Federal Reserve. *See* Dkt. 42 at 11; Dkt. 1 at 21. Later in December 2025, the District Court for the District of Columbia court issued an order concluding that a March 28, 2025, preliminary injunction required the Bureau to request funding from the Federal Reserve, notwithstanding the OLC Opinion and the Federal Reserve's finances. *NTEU*, 816 F. Supp. 3d at 3, 20. In February 2026, the *en banc* D.C. Circuit held oral argument on that preliminary injunction. Docket, *NTEU v. Vought*, No. 25-5091 (D.C. Cir. Feb. 24, 2026).

Pursuant to the D.D.C. injunction, Acting Director Vought "requested and received funding" from the Federal Reserve. Dkt. 42 at 7. On March 13, 2026, the district court in this case granted plaintiffs' motion for summary judgment, declared the OLC opinion "arbitrary, capricious, and in violation of law, and order[ed] [d]efendants to continue requesting the amount determined by the Director to be

[4] "Dkt." citations refer to docket entries in the district court in this case.

reasonably necessary to carry out the authorities of the CFPB from the Federal Reserve." *Id.* at 31. The government timely filed its notice of appeal. Dkt. 47.

On March 31, 2026, the government asked the D.C. Circuit to modify its partial stay of the *NTEU* court's preliminary injunction, hold the appeal in abeyance, and remand "to the district court to reconsider the propriety of preliminary-injunctive relief in light of CFPB's new, superseding plan for agency operations going forward." Mot. to Modify Stay Pending Appeal, for a Limited Remand, and to Place the Appeal in Abeyance at 2, *NTEU v. Vought*, No. 25-5091 (D.C. Cir. Mar. 31, 2026). The D.C. Circuit granted the government's motion in part: it declined to modify the stay pending appeal but remanded the case to "the district court to decide in the first instance whether to modify, suspend, or dissolve the preliminary injunction in light of the Consumer Financial Protection Bureau's issuance of a revised reduction-in-force plan and the other intervening developments." Order, *NTEU v. Vought*, No. 25-5091 (D.C. Cir. June 19, 2026).

On July 9, the *NTEU* plaintiffs and the government jointly requested a partial stay of the district court proceedings. Joint Status

Report and Mot. for Partial Stay of Proceedings at 1–2, *NTEU v. Vought*, No. 25-cv-0381 (D.D.C. July 9, 2026), Dkt. 184. The parties agreed that a temporary stay was warranted due to the nomination of Brian Johnson "to serve as the Director of the Bureau" so that he, if confirmed, could have "the opportunity to review the 2016 RIF Plan and decide whether he would like to pursue it." *Id.* at 2. The government also provided a declaration explaining that the Bureau "has sufficient funding to continue to comply with the preliminary injunction and to maintain current staffing levels." *Id.*

The *NTEU* district court granted the request and "ordered [the parties] to file a joint status report within two days of [Mr. Johnson's] confirmation" or January 4, 2027, "[i]f a new [d]irector is not confirmed by January 3, 2027." Minute Order, *NTEU v. Vought*, No. 25-cv-381 (D.D.C. July 10, 2026). The parties jointly requested that the D.C. Circuit keep the appeal in abeyance in the interim. Joint Status Report at 3, *NTEU v. Vought*, No. 25-5091 (D.C. Cir. July 20, 2026).

2. In light of these recent developments, this case should also be held in abeyance. The cases present overlapping issues and arguments regarding the validity of the OLC Opinion's interpretation of the

Bureau's funding mechanism. Holding this appeal in abeyance will promote judicial economy and conserve the parties' resources, as the *NTEU* court's resolution of the propriety of its preliminary injunction and further proceedings in the D.C. Circuit will inform the parties' briefing here.

3. Plaintiffs will not be prejudiced by placing this case in abeyance. Regardless of the outcome of further proceedings in *NTEU*, the injunction entered in this case remains in place pending appeal.

4. The government has consulted with plaintiffs, and plaintiffs do not oppose holding this appeal in abeyance.

5. The Court should hold this appeal in abeyance pending resolution of *NTEU v. Vought*, No. 25-5091 (D.C. Cir.), and require the parties to submit a joint status report outlining their positions on further proceedings thirty days after the earlier of (1) the vacatur of the preliminary injunction or (2) the resolution of any appellate proceedings on a final judgment issued in *NTEU v. Vought*, No. 25-cv-0381 (D.D.C.), or the time for appeal has expired.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

MELISSA N. PATTERSON
/s/ *Andrew Skaras*
ANDREW SKARAS
*Attorneys, Appellate Staff*
*Civil Division*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-5425*
*Andrew.p.skaras@usdoj.gov*

SEPTEMBER 2026

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,232 words. This motion complies with the typeface and type-style requirements of Rules 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using 14-point Century Schoolbook, a proportionally spaced typeface.

*/s/ Andrew Skaras*
ANDREW SKARAS