**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| RISE ECONOMY *et al.*,<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>MARK PAOLETTA,[1] *Acting Director of the Consumer Financial Protection Bureau, in his official capacity*; CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Defendants-Appellants. | No. 26-3134 |

**UNOPPOSED MOTION FOR EXTENSION**
**OF TIME TO FILE OPENING BRIEF**

Pursuant to Federal Rules of Appellate Procedure 26(a) and 27 and Ninth Circuit Rule 31-2.2(b), the government respectfully moves for an extension of time in which to file its opening brief. The government has concurrently filed an unopposed motion to hold this appeal in abeyance. Should this Court deny the motion to hold the appeal in

---

[1] Mark Paoletta has replaced Russell Vought as Acting Director of the Consumer Financial Protection Bureau. Defendants respectfully request that the Court substitute Mr. Paoletta as the defendant for Mr. Vought and update the case caption accordingly. *See* Fed. R. App. P. 43(c)(2).

abeyance, the government requests 30 days after the order disposing of that motion to file its opening brief. Plaintiffs do not oppose this motion.

1. This case concerns the Consumer Financial Protection Bureau's (CFPB or Bureau) funding from the Federal Reserve System, and a November 2025 Office of Legal Counsel (OLC) opinion concluding that the Bureau may not request funding from the Federal Reserve when the Federal Reserve lacks profits. *See Whether the Consumer Financial Protection Bureau May Continue to Draw Funds from the Federal Reserve System Under 12 U.S.C. § 5497 When the Federal Reserve System Is Operating at a Loss*, 49 Op. O.L.C. __ (Nov. 7, 2025) (OLC Op.).[2] The district court entered a judgment declaring defendants' reliance on the OLC memo unlawful and ordered defendants "to continue requesting the amount determined by the [CFPB] Director to be reasonably necessary to carry out the authorities of the CFPB from the Federal Reserve." Dkt. 42 at 31; *see* Dkt. 43.

The CFPB is under a similar injunction issued by the District Court for the District of Columbia in separate litigation; that case in

[2] Available at https://www.justice.gov/olc/media/1417326/dl.

currently in abeyance after a limited remand from the *en banc* D.C. Circuit. *See Nat'l Treasury Emps. Union v. Vought*, No. 1:25-cv-0381, Dkt. 167, 182, 184 (D.D.C.); *see id.* Minute Order (July 10, 2026). The government is concurrently filing a motion in this Court to hold this appeal in abeyance pending resolution of the D.C. Circuit's *en banc* proceedings.

2. The government's opening brief was first due on August 3, 2026. The Court has granted the government's two prior motions for extensions of time, and the government's opening brief is now due on October 2, 2026.

3. The government respectfully requests an extension of time to file its opening brief while this Court resolves the government's unopposed motion to hold this appeal in abeyance. Should the Court deny the abeyance motion, the government requests that it reset the opening-brief deadline 30 days after that disposition of the motion.

4. Plaintiffs will not be prejudiced from an extension. Regardless of the outcome of further proceedings regarding the injunction in *NTEU*, the injunction the district court entered in this case remains in place pending appeal.

5. The government represents that it has exercised diligence and that the court reporter is not in default.

6. The government has consulted with plaintiffs, and plaintiffs do not oppose this motion.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

MELISSA N. PATTERSON
/s/ *Andrew Skaras*
ANDREW SKARAS
*Attorneys, Appellate Staff*
*Civil Division*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-5425*
*Andrew.p.skaras@usdoj.gov*

SEPTEMBER 2026

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 470 words. This motion complies with the typeface and type-style requirements of Rules 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using 14-point Century Schoolbook, a proportionally spaced typeface.

*/s/ Andrew Skaras*
ANDREW SKARAS